By the Court, Cowen, J.
I am inclined to think that, under the circumstances, had the question been material, the case might have been a proper one for saying that' the rent due on the lease executed by Nicholas Failing must be presumed to have been extinguished, had an action been brought for that; at least the question of extinguishment might have been proper for the jury. But I find no case which holds, as a consequence, that we are to presume the relation of landlord and tenant broken up, so as to let in an adverse possession during the continuance of the lease. Take it that, upon circumstances, you may presume the rent extinguished shortly after the lease was executed ; and even suppose a release of all claim for rent. The only result, as appears to me, is, that the lessee is to be deemed as having held for the residue of the term discharged of the rent; not that the reversion was extinguished also, or that a state of things arose which entitled the landlord to enter, and therefore let in the statute of limitations to run against him by reason of an adverse possession in his tenant or indeed in any other person. The statute of limitations, quoad the land, does not turn on the right of the landlord to receive rent; but on his power to enter. The Stat. 21 Jac. 1, c. 16, to which our statute fixing a limitation to this action of ejectment answers, provides merely that the entry must be made within twenty years after the title accrued ; and the lease here not having expired till 1816, the twenty-five years which our construction of the revised statutes makes necessary to a bar where the old statute began to run prior to 1830, had not elapsed *347 when the plaintiffs’ right of entry accrued. The right of possession was outstanding in virtue of the lease, and, had ejectment been brought by the heirs of Nicholas Failing, that, per se, would have constituted a bar,
The proposition that rent is not at all essential to the existence of a leasehold estate is entirely obvious, and needs no authority for its support. That a lease like the present although the rent be presumptively paid or barred by the statute of limitations, may still be available in answer to a defence of adverse possession, seems to have been held, at least assumed, in Orrell v. Maddox, (Runn. on Eject. 458, Jippend. 1.) In 2 Hilliard’s Jlbridgm. p. 191, on the strength of the case cited, and several others, the following remark is made : “ Nor, in the case of a lease, is a reversioner &c. bringing ejectment bound to show in support of his title that he has received any rent. It is unnecessary to prove a title to the rent; a title to the possession is sufficient.” If, as some cases hold, a rent charged on land by a lease in perpetuity, may after a lapse of time be presumed to have been released, then the whole title is of course out of the lessor. Yet the lease exists, and forms the very title under which the lessee claims So of any lease of a particular estate —a demise for life or years—the estate demised-may be claimed free of rent, and it seems to me this is the only consequence, If the title of the ancestor be thrown into doubt by the proof, the non-receipt of rent may come in as a circumstance against it, to be rebutted by other proofj but the case at bar is the common one of a seisin in the ancestor and a descent to the plaintiffs, which I see nothing to overcome except the adverse possession. That is answered by the lease; and I think so conclusively that the learned judge was authorized, as he did, to direct a verdict for the plaintiff.
Some other points were made on the argument by the defendant’s counsel, all of which have, I think, been held against Mm in cases heretofore decided by this court.
My opinion is, that the motion for a new trial should be denied.
New trial denied.